LEROY HAYES, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hayes v. Commissioner
Docket No. 7183-90
United States Tax Court
T.C. Memo 1991-586; 1991 Tax Ct. Memo LEXIS 631; 62 T.C.M. (CCH) 1329; T.C.M. (RIA) 91586; November 27, 1991, Filed *631 Decision will be entered pursuant to Rule 155. Leroy Hayes, Jr., pro se. Melanie R. Urban, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) [1] and Rule 180 et seq. Respondent, by notice of deficiency, determined a deficiency in Federal income tax for petitioner's 1987 year in the amount of $ 683. The issues for our decision are (1) whether petitioner is entitled to claimed business deductions for travel expenses, utilities, and dues in amounts greater than allowed by respondent, and (2) whether petitioner is entitled to claim certain Schedule A itemized deductions. Some of the facts are stipulated and they are so found. Petitioner resided at Houston, Texas, when he timely filed his petition herein. Petitioner worked for Prudential Insurance *632 Company in Houston during 1987 as a financial planner. He also had his own insurance agency, Leroy Hayes Insurance Investment Agency. Petitioner holds insurance licenses in four states: Minnesota, Georgia, Texas, and Nevada. There are several items at issue involving petitioner's Schedule C business expenses. For simplicity, we address each item separately. However, in doing so, there is one common rule running throughout our consideration of each issue: petitioner bears the burden of proving that respondent's determination is incorrect. Rule 142(a); . Automobile expense. Petitioner had two automobiles which he used in his business during 1987. One was a 1982 Toyota Celica GT which had over 60,000 miles on the speedometer; the other was a 1982 Thunderbird, which as of October 1987 had been driven 38,500 miles. During the first 6-1/2 months of 1987, petitioner utilized the Thunderbird in his business for a total of 15,500 miles, since the Toyota which he customarily used required repairs. Petitioner claimed a vehicle expense deduction on his Schedule A itemized deductions for 28,592 miles of business mileage. *633 Respondent allowed 25,000 miles at 11 cents per mile, not as an itemized deduction but rather as a Schedule C business expense deduction. Petitioner has failed to prove that he is entitled to more than the 25,000 miles allowed. He has, however, proved that the 15,500 miles driven in the Thunderbird are deductible at the standard mileage rate of 22.5 cents per mile for the first 15,000 miles and 11 cents per mile thereafter, rather than the straight 11 cents per mile allowed by respondent. Accordingly, petitioner is entitled to an additional deduction of $ 1,725 (11.5 cents times 15,000 miles) for this item. Respondent properly computed the mileage rate for the Toyota miles. Travel expenses. Petitioner claimed travel expenses for travel away from home under section 162. During 1987, petitioner attended various conventions associated with the insurance industry in Reno, Nevada, and in Chicago with a side trip to Gary, Indiana. Petitioner brought his fiancee, Ms. Brown, along with him on these trips, testifying that he utilized her as a person capable of getting business information for him. We deal first with the trip to Reno. In connection with the Reno trip petitioner *634 and Ms. Brown arrived 2 days early, and also apparently took a side trip to Las Vegas at the end of the convention. Petitioner has given no information whatsoever as to a business characteristic of the Las Vegas trip or the early arrival in Reno. Petitioner is entitled to deduct the cost of 3 days at $ 69.55 each ($ 208.65) for his hotel room in Reno and $ 220 for his round trip air travel to Reno. For the Reno trip, petitioner is allowed meal expenses of $ 14 per day for 3 days or $ 42. Petitioner also travelled to Chicago, Illinois and to Gary, Indiana, for another business convention on October 16th. His plane ticket to Chicago cost $ 185 round trip, and he paid an additional $ 20 round trip to get to Gary. He is entitled to deduct these amounts. Further, he is entitled to deduct $ 84.24 representing his hotel bill in Indiana plus $ 28 representing his meal costs. Petitioner is not entitled to deduct any costs associated with bringing Ms. Brown with him on these trips: they constitute personal expenses which are not deductible. Sec. 262. Petitioner also incurred expenses renting a party fishing boat for a trip for clientele and potential customers, among others. Petitioner *635 in no manner has supported these costs as a business expense, and they are not deductible. Secs. 262, 274. Lastly, petitioner claims he is entitled to a deduction for a stay spent in a hotel in Baytown, some 30 miles or so from his home in Houston. Petitioner has failed to prove that this expense was business related, and he is not entitled to this deduction. Dues. Respondent has agreed at trial that petitioner has substantiated dues totaling $ 228.06 which had not been previously allowed, and agreed that petitioner is entitled to this additional amount as a business expense deduction. Utilities. Petitioner contends that he is entitled to utilities greater in amount than allowed by respondent. Petitioner contends that he had an agreement with his landlord that he would pay a certain amount monthly in connection with utilities for the building in which his office was located. Petitioner, however, has failed to prove the amounts in question. He has provided the Court with checks payable to his landlord, Mr. Danylyk, in the amount of $ 150 per month. These checks, however, appear to represent rental expenses already allowed by respondent. Petitioner also contends *636 that he paid $ 25 per month for a telephone answering service. He has failed, however, to substantiate this amount, and accordingly respondent's determination is upheld as to both of these utility items. Errors and Omissions Policy. Petitioner claims that he took out an errors and omissions policy with Prudential to protect him when he wrote insurance policies during his out of town trips. Petitioner contends that the premium cost of this policy was $ 1,259.96 per year which was paid by payroll deductions from his Prudential salary checks. Petitioner has failed to substantiate that he paid such amounts, and he is not allowed this deduction. Schedule A deductions. Petitioner has not provided any evidence as to additional itemized deductions. Accordingly, whether he is entitled to such deductions will be the result of an arithmetic computation based upon his adjusted gross income computed as a result of this opinion. To give effect to the foregoing and to concessions, Decision will be entered pursuant to Rule 155. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩